Filed 9/9/25  P. v. Brandon CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHERMAN BRANDON,<br><br>    Defendant and Appellant. | B338568<br><br>(Los Angeles County<br>Super. Ct. No. BA212407) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Sherman Brandon appeals from an order denying his petition for recall and resentencing under Penal Code[1] section 1170, subdivision (d).  Brandon's appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking us to review the record independently.

In 2001, an information charged Brandon with, among other crimes, murder and attempted murder.  That same year, a jury convicted Brandon of second degree murder (§ 187, subd. (a); count 1) and of attempted premeditated murder (§§ 664, 187, subd. (a); count 4).  In 2002, a court sentenced Brandon to 15 years to life on count 1 and to a consecutive life term on count 4.

Brandon was 17 years old when he committed the crimes in 1999.

In August 2023, Brandon petitioned for recall and resentencing under section 1170, subdivision (d).  Section 1170, subdivision (d), authorizes juvenile offenders sentenced to life without parole to petition for recall and resentencing.  The People opposed the petition on the ground that Brandon was not sentenced to life without parole.

On April 30, 2024, the trial court denied Brandon's petition, finding that his sentence was not the equivalent to life without parole.

This appeal followed.  Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Wende, supra*, 25 Cal.3d 436.  We directed appellant's counsel to send Brandon the record and a copy of the opening brief, and we advised that

---

[1]	All further undesignated statutory references are to the Penal Code.

within 30 days of the date of the notice, Brandon could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. Brandon did not submit a supplemental brief.

Section 1170, subdivision (d), applies to juveniles sentenced to explicit life without parole or its functional equivalent. (See, e.g., *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 [sentence of 10 years plus 130 years to life is functional equivalent to life without parole for purposes of § 1170, subd. (d)]; *People v. Heard* (2022) 83 Cal.App.5th 608, 612 [sentence of 23 years plus 80 years to life is functional equivalent to life without parole for purposes of § 1170, subd. (d)].) Brandon's sentence of 15 years to life plus a life term is not explicit life without parole or its functional equivalent.

We have examined the record and are satisfied no arguable issues exist and Brandon's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


ADAMS, J.                          HANASONO, J.

3